UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                  :

MARSH & MCLENNAN AGENCY, LLC,         :
                                                  :

                   Plaintiff,          :           25-CV-01260 (JAV)
                                                  :

                   -v-                  :               ORDER
ALLIANT INSURANCE SERVICES, INC., et al.,    :
                                                    :

                 Defendants.      :
------------------------------------------------------------------- :
                                                 X

JEANNETTE A. VARGAS, United States District Judge:


        On April 24, 2025, Defendants filed a Motion to Stay Discovery Pending Resolution of

Defendant Alliant Insurance Services, Inc.'s ("Alliant") Motion to Dismiss under Rule 12(b)(2)

(ECF No. 30). *See* ECF No. 41. In their Motion to Dismiss, Defendants argue, *inter alia*, that

this Court lacks personal jurisdiction over Alliant. *See* ECF No. 30. Oral argument on Alliant's

Motion to Dismiss is scheduled for June 11, 2025. In light of the pending motion, Defendants

contend that a stay of discovery is appropriate because it would cause minimal prejudice to

Plaintiffs, would spare Defendants the significant burden of potentially broad discovery, and is

supported by the strength of their dismissal arguments.

        A motion to dismiss does not automatically stay discovery," and "discovery should not be

routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong*

*Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)

(citations omitted). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "upon a showing of

good cause a district court has considerable discretion to stay discovery." *Id.* (quoting *Integrated*

*Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. 2009)). "Good

cause" is assessed through the application of the following three factors: "(1) whether a

defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth

of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party

opposing the stay." *Morien v. Munich Reins. Am., Inc.*, 270 F.R.D. 65, 67 (D. Conn. 2010);

*Shulman v. Becker & Poliakoff, LLP*, No. 17-CV-9330 (VM)(JLC), 2018 WL 4938808, at *2

(S.D.N.Y. Oct. 11, 2018). "The burden of showing good cause . . . falls on the party seeking the

order" for a stay of discovery. *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677

(S.D.N.Y. 2018) (citation omitted).

After considering the three factors that courts in this Circuit evaluate, the Court does not

find that there is good cause to stay discovery. Addressing the first factor, "while Defendant[s]

assert[] a lack of jurisdiction argument, this claim is in sharp dispute and does not, on its face,

make a strong showing that Plaintiff's claims lack merit." *Friedman as Trustee of Ellett*

*Brothers, LLC v. Nexien, Inc.*, No. 21-CV-03292 (DRH) (JMW), 2021 WL 5910763, at *6

(E.D.N.Y. Nov. 9, 2021). The Court reminds the parties that nothing in this Order should be

taken as a preview of how the Court intends to rule on the Motion to Dismiss.

In terms of the second factor involving the breadth and burden of discovery, the Court

finds that this weighs in Plaintiff's favor. Indeed, discovery has not been exchanged and

Defendants' argument that the discovery costs "may" be broad, costly, and time consuming is

unavailing. ECF No. 41 at 3. Indeed, "some burden exists in all discovery and [Defendants]

ha[ve] not presented specific facts as to burden." *Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D.

182, 186 (S.D.N.Y. 2025) (denying motion to stay even if the party's dismissal motion was

meritorious because she would have remained a key witness and still obligated to produce

documents).

Lastly, "[w]hile it is true that the motion to dismiss may remain pending only for a matter of months, thus obviating the degree of prejudice, as noted previously a stay of discovery is the exception and not the rule in this District."  *Metzner v. Quinnipiac Univ.*, 2020 WL 7232551, at *6 (D. Conn. Nov. 12, 2020).

Accordingly, Defendants' Motion to Stay Discovery is DENIED.  The Clerk of the Court is respectfully directed to terminate ECF No. 41.

SO ORDERED.

Dated: June 6, 2025
      New York, New York                           JEANNETTE A. VARGAS
                                            United States District Judge