# Morgan Lewis

**Laura Hughes McNally**
Partner
+1.215.963.5257
laura.mcnally@morganlewis.com

February 23, 2026

<u>**Via ECF**</u>

Honorable Jeannette A. Vargas
United States District Judge
United States Courthouse
500 Pearl Street, Room 703
New York, New York 10007

Re:  *Marsh & McLennan Agency, LLC v. Alliant Insurance Services, Inc., et al.*, Case No. 1:25-cv-01260-JAV; Letter Motion to Compel Production and to Extend Fact Discovery Period

Dear Judge Vargas:

We represent Defendants Travis Davis, Keegan Richardson, Raiza Robles, Susan Coetzee, and Amanda Gunn in the above-referenced matter, filed by Plaintiff Marsh & McLennan Agency, LLC ("MMA"). We submit this letter-motion requesting that the Court compel MMA to produce two relevant financial reports and extend the fact discovery period to allow for such production.

This matter is an employment dispute concerning Defendants' post-employment client solicitation and servicing restrictions imposed by their employment agreements with MMA. As a typical post-employment dispute over alleged violations of a non-compete agreement, the damages claimed in this matter concern the financial value of the client accounts MMA asserts it has lost as a result of Defendants' alleged conduct.

Defendants first asked for the relevant financial information of the clients at issue in this litigation when they served their First Set of Requests for Production and First Set of Interrogatories on MMA on July 16, 2025. MMA, however, produced only a single responsive spreadsheet on Friday, February 20, 2026 at 8:26 PM, with the fact discovery period closing the next business day and their Rule 30(b)(6) deposition having been pushed to that day at their request, due to their failure to timely serve objections to the Rule 30(b)(6) deposition notice. According to MMA, the spreadsheet reflects the revenue associated with former MMA clients of Defendant Travis Davis that MMA says transferred their business after he resigned.[1]

---

[1] In response to Defendants' interrogatory regarding damages, MMA referred Defendants to its Rule 26(a) disclosures, wherein it listed categories of damages. But MMA has never disclosed a computation of each category of damages it claims, as required by Federal Rule 26(a)(1)(A)(iii). MMA was obligated to supplement those disclosures as it gained more information, but it did not. *See Lively v. Wayfarer Studios LLC*, 2025 WL 1999355, at *2 (S.D.N.Y. July 17, 2025). It cannot

Morgan, Lewis & Bockius LLP

2222 Market Street
Philadelphia, PA 19103-3007     T +1.215.963.5000
United States                   F +1.215.963.5001

DB1/ 166842944.1

Via ECF
The Honorable Jeannette A. Vargas
February 23, 2026
Page 2

The February 23, 2026 deposition was of Mark Theriault, President of MMA's Northwest Region, in both his personal and corporate representative capacities. At the deposition, Mr. Theriault testified that with respect to the financials of Travis Davis's clients at MMA, including the revenue they generated and their profitability, he would have evaluated in the regular course of business the following reports: (1) a budget and monthly update to that budget, specific to Mr. Davis (one of the Defendants here); and (2) a profitability analysis specific to Mr. Davis.[2] Accordingly, at the end of a three-hour remote deposition on a day that was made both personally and technologically challenging by extreme weather conditions, Defendants, through their counsel Laura McNally, requested that MMA produce those two reports for the years 2021 through 2024 and reserved the right to resume the Rule 30(b)(6) deposition if necessary. MMA, through its counsel Millie Warner, expressed objections to that request. Ms. McNally stated that Defendants disagreed with MMA's objections and would move to compel such production if MMA did not agree. Ms. McNally confirmed Defendants' request in writing after the deposition, and Ms. Warner responded that MMA declined to produce the reports. Defendants thus move to compel the production of the reports in full.

The financial reports from the years immediately preceding Travis Davis's resignation in June 2024 are clearly covered by Defendants' Requests for Production 34 and 35. Those Requests seek the production of documents sufficient to show MMA's commissions, fees, revenues, margins, profits, and/or losses, from January 1, 2021, to Defendants' resignations from MMA, for clients MMA contends are subject to the restrictive covenants set forth in the Defendants' employment agreements. Based on Mr. Theriault's testimony, these financial reports are responsive to Defendants' Requests because they will show the commission, revenues, margins, profits, and/or losses associated with Travis Davis's clients at MMA. That financial information reflecting the value of the business MMA allegedly lost as a result of Defendants' actions is clearly relevant to MMA's allegations and alleged damages, which are based on the value of its lost business and client relationships. Defendants need this information to be able to litigate this case. *See Xinuous, Inc. v. IBM Corp.*, 2025 WL 663064, at *2 (S.D.N.Y. Feb. 28, 2025) ("Defendants are entitled to understand the basis for Plaintiff's damages claims to prepare rebuttal evidence, depose relevant witnesses, and retain experts as needed."). Defendants have already been prejudiced by MMA's unwillingness to provide this basic information over the last seven months, *see id.*, and MMA's production of a single, unadorned spreadsheet the evening before a Rule 30(b)(6) deposition and the close of fact discovery does not mean that it has satisfied its burden under Rule 34. *See Lively v. Wayfarer Studios LLC*, 2025 WL 1999355, at *2 (S.D.N.Y. July 17, 2025) (compelling production of "[w]hat is relevant to the case[:] … [Plaintiff's] business income and expenses (including income from and of her business entities) establishing whether such income and expenses have changed since the events described in her Amended Complaint").

Mr. Theriault also testified that in addition to having reviewed these reports in real time over the past five years, these reports are easily generated by a software system to which he has access. The existing information about the financials associated with Mr. Davis's clients in recent years

---

claim that its damages calculation will depend on expert discovery to avoid that obligation. *See id.*; *see also Xinuos, Inc. v. IBM Corp.*, 2025 WL 663064, at *2 (S.D.N.Y. Feb. 28, 2025) ("[C]ourts in this district routinely find that a party may not refuse to respond to interrogatories seeking damages calculations on the ground that expert analysis will refine the damages calculation.").

[2] Mr. Theriault testified that the profitability analysis would have reflected a 96% retention rate of clients by Travis Davis.

Via ECF
The Honorable Jeannette A. Vargas
February 23, 2026
Page 3

remains in that system and is available in the form that was regularly reviewed in the course of business at the time Mr. Theriault reviewed it.  MMA's burden to collect and produce these reports is thus minimal and not a barrier to production.  *See North Shore-Long Island Jewish Health Systems, Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 51 (E.D.N.Y. 2018) ("While 'a party should not be required to create completely new documents, that is not the same as requiring a party to query an existing dynamic database for relevant information. Courts regularly require parties to produce reports from dynamic databases, holding that the technical burden... of creating a new dataset for [ ] litigation does not excuse production.'").

To the extent confidentiality concerns exist with regard to the financial information sought, those concerns do not provide a basis for withholding relevant documents.  *See Linea Pelle, Inc. v. Omega Fashions Ltd.*, 1997 WL 13267, at *1 (S.D.N.Y. Jan. 15, 1997) (compelling production of financial statements pursuant to confidentiality order because statements were relevant to damages theory).  The parties entered a Protective Order, which the Court signed on October 24, 2025.  Dkt. 55.  Pursuant to that Order, MMA may designate the reports "Confidential," and Defendants will not disclose that material to anyone except as permitted under the Order.  *Id.* at 2.

Defendants have tried to avoid seeking the Court's intervention with regard to MMA's failure to fully participate in discovery.  MMA's actions have prohibited Defendants from accessing essential information about MMA's purported damages and deposing MMA's witnesses on that information.  Defendants respectfully request that the Court compel MMA to produce this relevant financial information and, correspondingly, extend the fact discovery period to March 9, 2026, to allow them time to do so.

Respectfully,

*Laura McNally*

Laura Hughes McNally

cc: All Counsel of Record (via ECF)

DB1/ 166842944.1