UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                    :
MARSH & MCLENNAN AGENCY, LLC.,                                       :
                                                                    :
                                        Plaintiff,                  :          25-CV-01260 (JAV)
                                                                    :
              -v-                                                   :          ORDER
                                                                    :
ALLIANT INSURANCE SERVICES, INC., et al.,                           :
                                                                    :
                                        Defendants.                 :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On February 23, 2026, Defendants filed a motion to compel Plaintiff Marsh & McLennan Agency, LLC ("MMA") to respond to Defendants' request to produce two financial reports, and to extend the fact discovery deadline from February 23, 2026, to March 9, 2026.  ECF No. 68. This request was filed on the last day of the fact discovery period.  Defendant filed its letter response in opposition to the motion to compel on February 26, 2026, along with a motion to seal.  ECF No. 69-70.

Defendants' motion to compel responses to outstanding document demands is **DENIED**. Defendants' request for an extension of time to complete discovery is **DENIED**.  Plaintiffs' motion to redact and seal one of the accompanying exhibits in their opposition to Defendants' motion to compel is **GRANTED.**

Defendants moved to compel two financial documents to "show the commission, revenues, margins, profits, and/or losses" associated with Defendant Travis Davis's clients at MMA, as covered by Defendants' Requests for Production Nos. 34 and 35.  ECF No. 68 ("Motion to Compel") at 2; ECF No. 70-2 at 26-27.  Defendants' request for two financial documents include: (1) Defendant Travis Davis's annual budget projections for 2021 through 2024, and (2) "profitability analyses" with respect to MMA's employment of Mr. Davis.  Motion to Compel at 2.

Yet Defendants' Requests for Production Nos. 34 and 35 merely sought documents "sufficient to show MMA's commissions, fees, revenues, margins, profits and/or losses . . . from clients."  ECF No. 70-1 at 26-27.  Defendants did not seek any and all documents relating to these topics.  Defendants have made no showing that the documents that were produced in response to these RFPs was not sufficient to show the requested information.  Accordingly, Defendants' motion to compel is denied.

The request for an extension of the discovery deadline is also denied.  The Case Management Plan entered in this case expressly states that "the parties should not anticipate extensions of the deadline for fact discovery."  ECF No. 49, ¶ 5(j).  Additionally, the parties

appeared for an Initial Pretrial Conference before this court on April 17, 2025, where this Court reiterated that deadlines set forth in this case are firm and that all discovery disputes should be raised in a timely manner.  Yet Defendants waited until the deadline for fact discovery to raise the Plaintiff's alleged failure to fully participate in discovery with the Court.  There has been no showing of good cause as to why the extension should be granted.

Finally, Plaintiff seeks to file a redacted version of an exhibit accompanying their opposition to Defendants' motion to compel under seal.  ECF No. 69.  Plaintiff contends that sealing is appropriate because the exhibit "include a reference to the name of an MMA client, disclosure of which would reveal confidential client-identifying information."  *Id.* at 1.  The reference to the client's name is not pertinent to the issues presented by Defendants' motion. *Statoil (Nigeria) Ltd. v. Nigerian Nat'l Petroleum Corp.*, No. 18-CV-2392 (CS), 2020 WL 3170566, at *1 (S.D.N.Y. June 15, 2020).  Plaintiff has also made a sufficient showing that the information that they seek to seal qualifies as "confidential business information." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (internal quotation marks omitted).  The Court therefore finds that, in this instance, the "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access." *Id.* (internal citations and quotation marks omitted).

Accordingly, the motion to seal is granted.

The Clerk of the Court is directed to terminate ECF Nos. 68 and 69.

SO ORDERED.

Dated:  March 12, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

2