UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARSH & MCLENNAN AGENCY, LLC,

Plaintiff,

-v-

ALLIANT INSURANCE SERVICES, INC., TRAVIS DAVIS, KEEGAN RICHARDSON, SUSAN COETZEE, RAIZA ROBLES, AND AMANDA GUNN,

Defendants.

25-CV-01260 (JAV)

ORDER

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Marsh & McLennan Agency, LLC has requested to file certain exhibits submitted with the Declaration of David W. Garland in Support of Plaintiff's Motion for Partial Summary Judgment (ECF No. 89) with limited redactions. ECF Nos. 82 ("Pl. Ltr. Mot. to Seal"). Specifically, Plaintiff seeks to redact nonparty client-identifying information from Exhibits 1, 18, 19, and 26 to the Garland Declaration. Pl. Ltr. Mot. to Seal at 1. Plaintiff has separately requested that the Court place under seal the unredacted version of three pages of Travis Davis' January 29, 2026, deposition transcript, ECF No. 88 ("Davis Dep."), submitted in support of Defendant's Motion for Partial Summary Judgment. *See* ECF Nos. 87, 98. For the following reasons, these motions to seal are **GRANTED**.

The presumptive right of the public to access judicial documents is firmly entrenched in both the common law and the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20. Under the common law inquiry, courts apply

a three-part test to determine if sealing is appropriate. First, courts must determine whether the records at issue are judicial documents, that is, whether "the item filed . . . [is] relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Second, if the records are judicial documents, courts assess the weight to be given to the presumption of judicial access, "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* Third, courts balance the presumption of judicial access against "competing considerations against it," such as privacy interests or the confidentiality of business records. *Id.* at 120.

To determine whether the First Amendment presumption of access applies, the Second Circuit applies an "experience and logic" approach, which "requires the court to consider both whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'" *Id.* (citation omitted). "The courts that have undertaken this type of inquiry have generally invoked the common law right of access to judicial documents in support of finding a history of openness." *Id.* (citation omitted). Where the presumptive First Amendment right of access applies, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (cleaned up).

"[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of

access attaches, under both the common law and the First Amendment." *Id.* at 121. As to the weight of the presumption, "the presumption is of the highest when documents have been submitted in connection with a summary judgment motion. *Id.* at 123. "[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982).

Having reviewed all of the material Plaintiff seeks to place under seal, the Court concludes that "compelling reasons" have been advanced to protect this information. The motion to seal appropriately seeks to protect substantial personal privacy interests of third parties, personal identifying information ("PII") such as non-public physical addresses or phone numbers, or confidential business information. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("The privacy interests of third parties should weigh heavily in a court's balancing equation." (cleaned up)); *Lively v. Wayfarer Studios LLC*, No. 24-CV-10049 (LJL), 2025 WL 3295147, at *2 (S.D.N.Y. Nov. 26, 2025) (sealing "PII in the form of personal and non-public email addresses and cellphone numbers"); *Iacovacci v. Brevet Holdings, LLC*, No. 18-CV-08048 (MKV), 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022) ("Courts in this Circuit regularly seal information that might disclose trade secrets or confidential business information." (citation omitted)). Additionally, the identity of the nonparty client and its employees will have marginal relevance to the issues to be adjudicated in the summary judgment motion. *See Lugosch*, 435 F.3d at 121 (explaining that "[m]oving . . . away from 'matters that directly affect an adjudication' lessens "the weight of the presumption") (quoting *Amodeo*, 71 F.3d at 1049)); *see also Caxton Intern. Ltd. V.*

*Reserve Intern. Liquidity Ltd* (allowing defendants to file motion papers with redactions "to protect the identity of non-party investors").

The Court therefore finds that, in this instance, the interest in protecting the privacy interests and confidential business information of nonparties and parties outweighs the qualified First Amendment presumption of public access. Accordingly, the motions to seal are **GRANTED**.

Defendants are directed to file the three pages from the Davis Deposition on the docket with the requested redactions by **October 20, 2026**. The Clerk of Court is directed to terminate ECF Nos. 82 and 87.

SO ORDERED.

Dated: October 14, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge